

# IN THE
# TENTH COURT OF APPEALS

## No. 10-05-00019-CR

**BLAIR ARDEN GRAVENS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the Criminal District Court No. 1
### Tarrant County, Texas
### Trial Court No. 0912663A

## O R D E R

Blair Arden Gravens was convicted on two counts of sexual assault of a child younger than 14 years of age and one count of indecency with a child by contact. The cases were tried together. Gravens appealed, raising five issues. Two of the issues involved legal and factual sufficiency of the evidence complaints, thus a review of the entire record was required.[1] His convictions were affirmed by this Court on February 6, 2006. We issued our mandate on May 30, 2006.

---

[1] Gravens's factual sufficiency issue was inadequately briefed and was overruled.

Since that time, Gravens, through his son, has requested a copy of various portions of the reporter's record in his appeal, including all exhibits, some of which are photographs, used by the State.

Article 38.45 of the Texas Code of Criminal Procedure, entitled **Evidence Depicting or Describing Abuse of or Sexual Conduct By Child or Minor**, provides:

(a) During the course of a criminal hearing or proceeding, the court may not make available or allow to be made available for copying or dissemination to the public property or material:

> (1) that constitutes child pornography, as described by Section 43.26(a)(1), Penal Code;
> (2) the promotion or possession of which is prohibited under Section 43.261, Penal Code;  or
> (3) that is described by Section 2 or 5, Article 38.071, of this code.

(b) The court shall place property or material described by Subsection (a) under seal of the court on conclusion of the criminal hearing or proceeding.

(c) The attorney representing the state shall be provided access to property or material described by Subsection (a).  In the manner provided by Article 39.15, the defendant, the defendant's attorney, and any individual the defendant seeks to qualify to provide expert testimony at trial shall be provided access to property or material described by Subsection (a).

(d) A court that places property or material described by Subsection (a) under seal may issue an order lifting the seal on a finding that the order is in the best interest of the public.

TEX. CODE CRIM. PROC. ANN. art. 38.45.  The article requires the trial court to make the order sealing the "property or material described by Subsection (a)" at the conclusion of

the trial. *Id*. (b). It does not appear that this was done at the conclusion of Gravens's trials. We have been unable to identify specific authority for this Court to seal any part of the record. Because Gravens's criminal trials were for the offense of sexual assault of a child under 14 years of age and for indecency with a child by sexual contact, we have grave concerns about providing Gravens with a copy of the record without a sealing order pursuant to Article 38.45 having been issued.

Accordingly, the trial court is ORDERED to review the reporter's record, a duplicate of which should be in the possession of the trial court clerk, *see* TEX. R. APP. P. 34.6(h), in compliance with article 38.45 and seal those portions of the record required to be sealed pursuant to subsections (a) and (b) set out above within 42 days from the date of this order. The review must include a review of the original exhibits admitted at trial which are required to now be in the possession of the trial court clerk. *See* TEX. R. APP. P. 34.6(g)(1). The trial court is also ORDERED to notify the trial court clerk and this Court within 49 days from the date of this order precisely what portions of the record were ordered sealed so that the record in the possession of this Court and any copies in the possession of the trial court clerk may be sealed in conformity with the trial court's order.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Order issued and filed January 29, 2020
Publish

